UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- X
   LEE FLETCHER,

                                 Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER FELIX
CHABANOV, POLICE OFFICER NARIK FUZAILOV and
POLICE OFFICER JOHN DOE,

                          Defendants.
---------------------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

Index No.: 15 CV 3580 (ERK)(RLM)

## INTRODUCTORY STATEMENT

1.    The plaintiff, LEE FLETCHER, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorneys' fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2.    Defendants, THE CITY OF NEW YORK, POLICE OFFICER FELIX CHABANOV, POLICE OFFICER NARIK FUZAILOV and POLICE OFFICER JOHN DOE being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3.    The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

## PARTIES

4.    Plaintiff is a resident of the County of BROOKLYN, State of New York.

5.    Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by the virtue of the laws of the State of New York, and as such

is responsible for practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

6. That prior to commencement of this action and within 90 days of occurrence herein, on October 23, 2104, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

7. That a hearing was held pursuant to Section 50(h) of the General Municipal Law on January 20, 2015, and this case has not been settled or adjusted.

8. That this action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

9. Defendants POLICE OFFICER FELIX CHABANOV, POLICE OFFICER NARIK FUZAILOV, and POLICE OFFICER JOHN DOE, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about August 2, 2014, employed by the New York City Police Department.

10. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

**FACTUAL ALLEGATIONS**

11. On or about August 2, 2014, at approximately 8:30 p.m., the plaintiff Lee Fletcher was sitting alone on the stairs in front of her apartment building located at 552 St. John's Place, Brooklyn, New York, talking on her cellular telephone.

12. The plaintiff then observed defendants POLICE OFFICER FELIX CHABANOV (hereinafter referred to as "PO CHABANOV"), POLICE OFFICER NARIK FUZAILOV (hereinafter referred to as "PO FUZAILOV"), and POLICE OFFICER JOHN DOE ("PO DOE") pull up in a marked police van across the street from her residence in front of a nursing home.

13. Defendant PO FUZAILOV exited the police van and approached the plaintiff and without reason asked her to produce her identification.

14. The plaintiff asked defendant PO FUZAILOV, why she had to produce identification for sitting in front of her building and he responded that he needed her identification because she was drinking and had an open alcoholic container in public.

15. The plaintiff informed defendant PO FUZAILOV that she was not in possession of an open container, was not drinking, and further wanted to know how she was violating the law by sitting in front of her building.

16. Defendant PO FUZAILOV raised his voice and again demanded the plaintiff produce her identification.

17. The plaintiff stood up to retrieve her identification from inside of her bag, but was not given an opportunity to open her purse and was instead grabbed and pushed up against and across the railing of the stairs by Defendant PO FUZAILOV.

18. At no point was the plaintiff drinking and/or in possession of an open alcoholic beverage.

19. As Defendant PO FUZAILOV had the plaintiff up against the railing, defendant PO CHABANOV approached them and grabbed the plaintiff's forearm and began to push her and pull her arm.

20. Defendant PO DOE then approached the staircase and also began to pull on the plaintiff and PO FUZAILOV placed her in handcuffs.

21. Once handcuffed, PO FUZAILOV and PO CHABANOV held plaintiffs by her forearm and forcibly removed her from the premises and placed her inside of the marked police van.

22. The plaintiff was transported to the seventy-seventh (77th) precinct where she was held in a hold cell for approximately two and a half (2 ½) hours before she was released.

23. At the time of her release, the plaintiff was given a summons for disorderly conduct.

24. On August 3, 2014, the day after the incident, the plaintiff sought medical attention at Interfaith Hospital in Brooklyn, New York for injuries she suffered to her arm and back and was given a shot for the pain along with pain medication.

25. On August 7, 2014, the plaintiff was still in pain and again sought medical treatment at Interfaith Hospital, for the increased bruising, swelling and pain to her right arm, left shoulder, the area around her ribs and her right thigh.

26. When the plaintiff appeared in court on October 16, 2014, to answer the summons she was informed that the matter was dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

27. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New

York and the United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from excessive force without due process and to equal protection of the laws.

29. That by reason of the foregoing, the plaintiff LEE FLETCHER was caused to sustain serious injuries and to suffer pain, shock, and mental anguish; these injuries and their effects will be permanent; as a result of said injuries the plaintiff has been caused to incur and will continue to incur expense relative to his injuries.

30. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

31. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. That the defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

33. That as a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

34. That as a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT RETENTION AND NEGLIGENT HIRING

35. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     That the defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

37.     That the defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

38.     That as a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

39.     That as a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     That the actions of the defendants in arresting and prosecuting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

42. That the defendants acted with the desire and intent to cause plaintiff, LEE FLETCHER, emotional distress or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

43. That the defendants acted with utter disregard of the consequences of their actions.

44. That as a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

45. That as a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION –
### FALSE ARREST AND FALSE IMPRISONMENT

46. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. That at no time did plaintiff commit, or attempt to commit, any act or offense for which an arrest may be lawfully made.

48. That the false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

49. That the defendants, their agents, servants and/or employees, acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of plaintiff, LEE FLETCHER.

50. That the aforesaid arrest and imprisonment was made with knowledge of and/or negligent disregard of the material falseness of the criminal complaint(s).

51. That as a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

52. That as a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

## AS AND FOR A SIXTH CAUSE OF ACTION –
## MALICIOUS PROSECUTION

53. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. That the defendants falsely, negligently, intentionally, knowingly, recklessly and maliciously commenced and continued prosecution plaintiff LEE FLETCHER, upon the filing of an accusatory instrument without probable cause, until the case was finally dismissed on October 14, 2014.

55. That in commencing and continuing the said malicious prosecution, defendants caused plaintiff, LEE FLETCHER to be falsely charged with acts in violation of the Penal Law of the State of New York.

56. That at no time did plaintiff commit, or attempt to commit, any act or offense for which an arrest may be lawfully made.

57. That the plaintiff, LEE FLETCHER, had not given defendants probable cause to believe that he had committed the falsely charged acts.

58. That the defendants knew, or should have known through the exercise of reasonable care and proper police procedure, that the said investigation into this matter was flawed and incomplete.

59. That the defendants willfully, negligently and wrongfully accused the plaintiff, LEE FLETCHER, of having committed acts in violation of the Penal Law of the State of New York.

60. That the defendants willfully, negligently and wrongfully continued to prosecute plaintiff, LEE FLETCHER, for alleged violations of the Penal Law of the State of New York even though defendants knew or should have known of facts and circumstances that would have led a reasonable person to conclude that the criminal complaint, upon which said criminal prosecution was based, contained material falsehoods and was otherwise improper, and that the continued prosecution of the plaintiff was therefore improper, under the circumstances.

61. That as a result of the aforesaid malicious prosecution, plaintiff sustained injuries and damages previously described in this complaint.

62. That as a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants.

WHEREFORE, plaintiff LEE FLETCHER demands damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants in his cause of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
February 4, 2016

_____
Michael B. Ronemus (4999)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070